IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZUMAR H. DUBOSE** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-2155 |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                             AUGUST 7, 2023

Plaintiff Zumar H. DuBose initiated this civil action by filing a *pro se* Complaint against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2674, based on the conditions of his confinement at the Federal Detention Center in April of 2023.[1]  (ECF No. 2.)  He seeks leave to proceed *in forma pauperis*.  For the reasons set forth, the Court will grant DuBose leave to proceed *in forma pauperis* and dismiss the case without prejudice to DuBose filing a new FTCA civil action after exhausting his administrative remedies.

---

[1]   DuBose's Complaint also refers to his alleged unlawful detention based on his arrest and federal prosecution in *United States v. DuBose, et al.*, Crim. A. No. 20-0453-1 (E.D. Pa.). (Compl. at 5-6.) He also filed a Motion for Preliminary Injunction in this action challenging his arrest and prosecution. (ECF No. 6.)  The Court notes that DuBose is currently pursuing *Bivens* claims against individual defendants based on an identical challenge to his arrest and prosecution.  *See DuBose v. Lappens, et al.*, Civ. A. No. 22-2835, ECF No. 1.  That case, assigned to the Honorable Joshua D. Wolson, is stayed. (*Id.*, ECF No. 8.) DuBose is also pursuing an FTCA claim against the United States based on his arrest and prosecution.  *See DuBose v. United States*, Civ. A. No. 23-2427.  Any claims related to DuBose's arrest and prosecution in this action are duplicative of his other pending actions and will not be considered by the Court in the instant matter, which predominately focuses on the conditions of DuBose's confinement.  The Court expresses no opinion on the merits of any claims set forth by DuBose in his other actions that stem from his arrest and prosecution.

I.     **FACTUAL ALLEGATIONS**[2]

DuBose brings an FTCA claim against the United States claiming "personal injury caused by an employee's negligent or wrongful act or omission while acting within the scope of his or her employment." (Compl. at 2.)  Specifically, DuBose claims that employee(s) of the Federal Bureau of Prisons ("FBOP") at the Federal Detention Center ("FDC") "locked and confined Zumar DuBose, Abdush DuBose[3] and the entire housing unit 4N for over 5 days (4-18-23 to 4-24-23) without showers, telephone calls, attorney communication, Law library, and all other programs offered to inmates." (*Id*.)  He further claims that the negligence of FBOP and FDC employees caused him "intentional infliction of emotional distress" after DuBose "was confined to F.D.C. housing unit 4N cell 425 without any shower, without the use of the telephone, without communication to counsel/attorney, without grooming access, toilet paper, soap from unit team, without legal law materials, without legal activities, without physical fitness, without psychology treatment or mental health wellness, and without access to programs offered to inmates, without visitation" for the a one-week period in April of 2023.  (*Id*. at 4.)  Based on these claims, DuBose seeks $100,000,000.00 in monetary damages. (*Id.* at 6.)[4]

---

[2]     The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

[3]     Abdush DuBose, Zumar's brother, was indicted as a co-defendant in the underlying federal prosecution.  *See United States v. DuBose*, *et al.*, Crim. A. No. 20-0453-2 (E.D. Pa.) (ECF No. 1.)  To the extent Zumar refers to his brother Abdush in the instant civil action in an attempt to raise claims on his behalf (or on behalf of other inmates), Zumar lacks standing to do so and the Court will not consider any such claims.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc*., 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.).

[4]     DuBose also asks the Court to order production of "the detention orders for Zumar H. DuBose and Abdush S. DuBose" from their criminal prosecution in *United States v. DuBose*, *et al.,* Crim. A. No. 20-0453.  (*Id*. at 6.)  To the extent DuBose essentially asks this Court for relief related to his criminal prosecution and/or dismissal of the charges on which he has been convicted, those claims must be pursued

DuBose attaches to his Complaint a Department of Justice Standard Form 95, "Claim for Damage, Injury, or Death," ("SF 95"), dated April 26, 2023.  (Compl. at 8-9.)  DuBose's SF-95 lists the basis of his claim as follows: "F.D.C. Philadelphia (FBOP) employee deprived Zumar DuBose, Abdush DuBose, and housing unit 4N inmates of showers, telephone, visits, programs, legal activities, attorney communication, and more unlawfully for over 3 days in a row.  Unlawful confinement causing personal injury."  (*Id*. at 8.)  DuBose includes a sum certain of "$100,000,000.00" personal injury. (Id. at 9.)

## II.      STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915 (a)(1), this Court will grant DuBose leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Further, § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, .

---

in his federal criminal case, and not here.  *See Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[I]nsofar as Reese sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case...."); *Goode v. Zaleski*, No. 23-2506, 2023 WL 4602660, at *3 (E.D. Pa. July 17, 2023); *Chamberlain v. City of Philadelphia*, No. 20-6572, 2023 WL 2868010, at *5 (E.D. Pa. Apr. 10, 2023). Indeed, injunctive relief is not available in a FTCA action.  *See Priovolos v. F.B.I.*, 632 F. App'x. 58, 59 n.1 (3d Cir. 2015) (*per curiam*) (citation omitted).

. . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Here, DuBose is proceeding *pro se*. As such, this Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

### III. DISCUSSION

As noted, DuBose brings an FTCA claim against the United States based on allegations that FBOP/FDC employees were negligent in denying DuBose access to numerous necessities and inmate activities/programs such as showering, use of the telephone, legal materials, and attorney communication. The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 (providing that, for tort claims, the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (stating that "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). The United States is the only proper defendant in an FTCA action. *See Priovolos v. F.B.I.*, 632 F. App'x 58, 60 (3d Cir. 2015) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)).

However, a plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a); *Knapp v. United States*, 2022 WL 3657184, at *4 (3d Cir. Aug. 25, 2022) (quoting 28 U.S.C. § 2675(a)). In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *see also Burrell v. Loungo*, 750 F. App' x 149, 154 (3d Cir. 2018) (stating that "[u]nder 28 U.S.C. § 2675(a), a plaintiff may not bring a claim under the FTCA unless he 'first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.'") (quoting *Shelton*, 775 F.3d at 569). A claimant may thereafter challenge the agency's final determination in a federal district court by filing an action within six months after the date of the mailing of the notice of the final determination by the federal agency. *See* 28 U.S.C. § 2401(b). If no written final determination is made within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* 28 U.S.C. § 2675(a). This requirement is "jurisdictional and cannot be waived." *Shelton*, 775

F.3d at 569. Therefore, a plaintiff "must . . . plead administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011); *see also McFadden v. United States*, No. 19-2900, 2021 WL 1088307, at *3 (E.D. Pa. Mar, 22, 2021) (discussing how to exhaust administrative remedies with the BOP prior to pursuing a FTCA claim).

It is apparent from the face of DuBose's Complaint that he did not exhaust administrative remedies prior to filing suit. While DuBose attaches a SF-95 dated April 26, 2023, he alleges that he received "no response" to his claim at the time he filed his Complaint. (Compl. at 2.) In the absence of a response from the agency, DuBose was required to wait the full six-month period before filing a federal court action, yet the six months have not passed since he filed his claim. DuBose's FTCA claim must therefore be dismissed without prejudice for lack of subject matter jurisdiction. *See Wadhwa v. Nicholson*, 367 F. App'x 322, 325 (3d Cir. 2010); *Accolla v. U.S. Gov't*, 369 F. App'x 408, 410 (3d Cir. 2010) (*per curiam*) (holding that "because [plaintiff] filed his FTCA action in federal court before the expiration of the appropriate six month period, the District Court was without jurisdiction to rule on the FTCA claim"); *Collins v. Small Bus. Administration*, No. 22-4104, 2023 WL 125242, at *3 (E.D. Pa. Jan. 6, 2023) ("Because Collins has not pled any facts about administrative exhaustion to the SBA, any FTCA claim she may have intended must be dismissed."). DuBose may raise his FTCA claim in a new civil action after receiving a final determination from the agency, or after six-months have passed since April 26, 2023, the date that he filed his FTCA claim. The Court expresses no opinion on the merits of any such claim.

## IV. CONCLUSION

For the foregoing reasons, DuBose has leave to proceed *in forma pauperis*. DuBose's Complaint is dismissed, without prejudice, for lack of jurisdiction for DuBose to file a new FTCA civil action after exhausting his administrative remedies. DuBose may not file an amended complaint in this case because the Court concludes that amendment would be futile. DuBose's *Motion for Preliminary Injunction* is denied. An appropriate Order follows, which dismisses this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*